IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MAURICE D. VAUGHN and
MAURICE C. LOCKHART,

    Defendants.

ORDER

11-cr-90-wmc

---

The government has asked to exclude evidence of two witnesses' guilty pleas for impeachment purposes. Defendants contend that it is admissible under Fed. R. Evid. 609(a)(2), which provides:

> For the purpose of attacking the character for truthfulness of a witness . . . evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determinate that establishing the elements of the required proof or admission of an act of dishonesty or false statement by the witness.

For one of the witnesses, Darrel Jackson, a guilty plea for a felony drug offense has been entered, but the witness awaits sentencing. For the other witness, Patrick Riley, a guilty plea for fraud against financial institution, in violation of Wis. Stat. § 943.82(1), has been entered, and the witness has entered into a deferred sentence agreement. The government does not argue that these crimes do not involve acts of "dishonesty or false statement," rather they contend that neither witness "has been convicted of a crime." After reviewing the caselaw (including those cases cited by the government), a treatise

1

discussing Rule 609 and the rule itself, the court will admit evidence of both guilty pleas for impeachment under Rule 609.

1. **Admissibility of pre-sentencing guilty pleas**

The government cites two cases in which district courts excluded the admission of pre-sentencing guilty pleas into evidence under Rule 609(a). *See United States v. Arreola-Beltran*, No. 1:11-cv-00096-BLW, 2011 WL 5119516 (D. Ida. Oct. 27, 2011); *United States v. Franklin*, 829 F. Supp. 1319 (M.D. Fla. 1993). Both of these cases, however, cite to *United States v. Semensohn*, 421 F.2d 106 (2d Cir. 1970), for support. The *Arreola-Beltran* court also cites to *United States v. Lee*, 509 F.2d 400 (D.C. 1974). But both *Semensohn* and *Lee* pre-date the adoption of the Federal Rules of Evidence in 1975, so neither discusses Rule 609. Still, the government is correct that each of these courts found that there is no "conviction" for impeachment purposes until a sentence has been imposed.[1]

Relying on Rule 609, however, the Eleventh Circuit in *United States v. Chilcote*, 724 F.2d 1498 (11th Cir. 1984), found no error where the government impeached a witness using evidence of a guilty plea before sentencing. *Id.* at 1503. Even before enactment of Rule 609, the Tenth Circuit affirmed a district court's decision allowing the government to cross-examine the defendant about a guilty plea and a deferred sentence, finding that

---

[1] *Semensohn* also required exhaustion of appeal, but Rule 609 expressly provides that the pendency of an appeal does not render the evidence inadmissible. Fed. R. Evid. 609(e).

2

"a guilty plea is a confession of guilt and amounts to a conviction." *United States v. Turner*, 497 F.2d 406, 407 (10th Cir. 1974).

The court finds the reasoning in both the *Chilcote* and *Turner* decisions persuasive, and in the absence of any Seventh Circuit cases addressing this issue, will adopt it: where a witness has previously formally plead guilty to a felony and the plea has been accepted in open court, that felony is the proper subject of impeachment under Rule 609(a)(2).

2. **Governing Law As To Consequence of Plea**

In *Turner*, the Tenth Circuit looked to federal common law over state law in finding that a plea of guilty resulting in a deferred sentence was admissible, citing to Fed. R. Crim. P. 26. "The principles of common law, as interpreted by courts of the United States in the light of reason and experience, govern over state law and precedent." *Turner*, 497 F.2d at 407. As noted above, the court then found no error in admitting the evidence.

Other courts, however, look to the law of the forum state of the guilty plea in deciding whether a plea is a "conviction," including the Seventh Circuit in *United States v. Amaechi*, 991 F.2d 374, 378 (7th Cir. 1993), which examined Illinois law to conclude that "a sentence of supervision does not constitute a conviction for evidentiary purposes." Even if the court looks to Wisconsin law for guidance (since the guilty pleas at issue were both entered in Wisconsin courts), a guilty plea prior to sentencing is a "conviction" for impeachment purposes. *See State v. Trudeau*, 157 Wis. 2d 51, 54, 458 N.W.2d 383, 384 (Ct. App. 1990) ("We hold that an accepted guilty plea is sufficient to implicate the

3

policies behind sec. 906.09(1), Stats. The statue is focused on the prior act, not the criminal sentence resulting from it.").[2]

ORDER

IT IS ORDERED that evidence of the guilty pleas of witnesses Darrel Jackson and Patrick Riley are admitted for impeachment purposes under Fed. R. Evid. 609(a)(2).

Entered this 24th day of January, 2012.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[2] "Section 906.09(1), Stats., which permits impeachment of a witness by evidence of a prior conviction, provides as follows: 'For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime is admissible. The party cross-examining him is not concluded by his answer.'" *Trudeau*, 157 Wis. 2d at 53, 458 N.W.2d at 384.

4